**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **ZLATKO DIMITROV**<br>*Plaintiff,*<br><br>**v.**<br><br>**PILOT OF TEXAS, LLC**<br>*Defendant.* | § § § § § § § | **CIVIL ACTION NO.**<br><br>**4:23-cv-00128** |

**PLAINTIFF'S FIRST AMENDED COMPLAINT
AND JURY DEMAND**

To the Honorable United States District Judge Keith P. Ellison:

Plaintiff, Zlatko Dimitrov, files this First Amended Complaint and Jury Demand pursuant to Federal Rule of Civil Procedure 15(a)(2), and in support, respectfully shows as follows:

**I.
PARTIES**

1. Plaintiff, Zlatko Dimitrov ("Plaintiff"), is an individual residing in Cook County, Illinois.

2. Defendant, Pilot of Texas, LLC ("Pilot" or "Defendant"), is a domestic limited liability company with its principal office located in Knoxville, Tennessee. Defendant has appeared in this matter and is represented by counsel, Michael B. Jones and Kaitlyn M. McClaine of Canterbury, Gooch, Surratt, Shapiro, Stein, Gaswirth & Jones, P.C. Defendant is composed of one member, PTCAA Texas, LP. PTCAA Texas, LP is a Texas limited partnership composed of one general partner, Pilot Travel Centers, LLC, and one limited partner, PTC Delaware, LLC, which are both Delaware limited liability companies.

**II.**
**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 because diversity of citizenship exists between the parties, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. Venue with the Court is proper as the events or omissions giving rise to this claim occurred in Waller County, Texas, which is within the Court's district.

**III.**
**FACTS**

5. On or about September 9, 2021, Plaintiff was travelling through Waller County, Texas in the course of his employment as a commercial truck driver. Plaintiff stopped at Pilot Travel Centers #573, located at 2000 F.M. 1488, Hempstead, Texas 77445 ("Pilot #573"), to rest and shower. Pilot #573 is owned and operated by Defendant. Plaintiff was an invitee of Defendant as defined by Texas law.

6. Pilot #573 is equipped with shower facilities that customers can pay to use. Plaintiff purchased the use of a shower. Defendant's employees represented to Plaintiff that the shower would be cleaned prior to his use, and that Plaintiff would have to wait until the cleaning was complete. Plaintiff agreed and went outside to wait.

7. Shortly thereafter, Defendant's employee notified Plaintiff that the shower was ready. Reasonably relying on the employee's representation, Plaintiff entered the shower area. Plaintiff then slipped on a used bar of soap that the employee negligently left on the ground when he allegedly "cleaned" the shower.

8. The soap left on the floor was used and not new. Plaintiff did not bring the soap into the shower. It was left on the floor by Defendant's employee, despite telling Plaintiff that the shower was cleaned. The following is an image of the soap left on the floor by Defendant's employee:



9. The cleaning and renting of showers is within the scope of regular business conducted by Defendant, Pilot #573, and, Defendant's employees. Defendant's employee knew, or in the exercise of care should have known, that soap left on the floor could cause a slipping hazard. Defendant's employee did not exercise due care to adequately inspect or clean the floor of the shower.

10. Upon information and belief, Defendant does not have adequate written policies for inspecting and cleaning the shower areas.

11. The soap that Defendant failed to remove from the shower posed an unreasonable risk of harm, and Defendant knew or reasonably should have known of this danger, and Defendant

failed to protect Plaintiff from the danger, by both failing to adequately warn Plaintiff of the condition and failing to make the condition reasonably safe. Such negligence proximately caused Plaintiff's injuries.

12. Defendant and its employees breached their duties to Plaintiff to: (1) design and implement adequate polices for inspecting and cleaning the shower areas to ensure they were safe for customer entry and use; (2) inspect the shower area and ensure it was safe for Plaintiff's use; (3) clean the shower area and prepare it for Plaintiff's use, as was represented to Plaintiff; and (4) warn of or remedy any hazard they knew or should have known about in the exercise ordinary care (such as used soap being left on the floor), among other things.

13. As a result of Defendant's and its employee's negligent, reckless, and wanton conduct, Plaintiff suffered serious injuries, as well as significant pain, suffering, and mental anguish. Plaintiff's injuries have forced him to undergo surgery on his shoulder, as well as pain-staking physical therapy and other treatment.

14. Below is an image of Plaintiff's diagnosed injuries taken from his authenticated medical records:

> History of Present Illness: The patient follows up to review the MRI of the left shoulder. He is getting persistent feelings of instability in the shoulder, particularly in abduction and external rotation position.
>
> Physical Exam: Examination of the left shoulder demonstrates tenderness along the anterior joint line. He has a positive apprehension and relocation test. His range of motion is full.
>
> Imaging: I did review the MR arthrogram of the left shoulder and the report. There is a type 2 SLAP tear, some irregularity of the anterior labrum, and a small Hill-Sachs lesion.
>
> Impression:
> 1. Left shoulder dislocation.
> 2. Left shoulder superior labrum anterior and posterior tear.
> 3. Left shoulder anterior labral tear.
>
> Plan: I had a long discussion with the patient about the situation. He has ongoing instability in the left shoulder. He is interested in shoulder stabilization. This would involve left shoulder arthroscopy, likely Bankart repair, and SLAP repair. He is agreeable. We will begin the authorization process and schedule at our earliest mutual convenience.
>
> Thomas Poepping, MD
> MOP/3199513/N

15. Below are images taken of some of Plaintiff's injuries sustained as a result of Defendant's and its employee's negligent actions and omissions:

 

16. As a result of Defendant's and its employee's conduct, Plaintiff has suffered significant economic and non-economic damages.

## IV.
## CAUSES OF ACTION

**COUNT ONE – NEGLIGENCE**

17. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

18. Defendant and its employees each had a duty to Plaintiff to ensure the shower was safe and ready for Plaintiff's use. Defendant and its employees breached their respective duties to Plaintiff by one or more of the following non-exclusive negligent, careless, and reckless actions and/or omissions:

   a. Failing to place slip-resistant materials in the shower to support traction and prevent slip and falls;

   b. Failing to reasonably inspect the shower;

   c. Failing to reasonably clean the shower;

    d. Failing to remove the used soap that was left on the shower floor prior to Plaintiff's entry;

    e. Failing to warn Plaintiff about the soap on the floor;

    f. Failing to maintain the area in a safe condition;

    g. Failing to warn of a dangerous condition;

    h. Failing to ensure customers were safe from the danger an unclean shower presented;

    i. Failing to reasonably supervise employees to ensure they perform their work in a non-negligent manner, including properly inspecting and cleaning the shower floors;

    j. Failing to train employees to ensure they properly clean the shower floors;

    k. Failing to design and/or implement sufficient safety policies, procedures, and practices regarding the inspection and cleaning of the shower floors; and

    l. Failing to act reasonably and prudently.

19. Each of the foregoing negligent acts, both omission and commission, singularly or in combination with others, proximately caused the occurrence made the basis of this suit, as well as Plaintiff's injuries and damages.

**COUNT TWO – PREMISES LIABILITY**

20. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

21. Defendant is the owner and operator of Pilot #573, and at all times material had the right to, and did, control the premises, including the specific portion of the premises where the incident made the basis of this suit occurred.

22. Plaintiff was an "invitee" of Defendant. Therefore, Defendant owed Plaintiff a duty to use reasonable care to protect him from dangerous conditions which Defendant and its employees knew about or should have known about through reasonable inspection. Additionally, Defendant, as possessor of Pilot #573, owed Plaintiff a duty to maintain the property in a

reasonably safe condition and/or to otherwise reasonably remediate same. Defendant breached its duty to Plaintiff.

23. A condition on the premises posed an unreasonable risk of harm to Plaintiff. Namely, the used, slippery soap left in the shower area had the potential to harm invitees. Defendant and its employees knew of this danger, and certainly in the exercise of ordinary care should have known of the danger. Defendant's employee was supposed to clean the shower and remove used items such as the soap but did not. The soap was left on the floor by Defendant's employee, unbeknownst to Plaintiff. Defendant knew or should have known of this dangerous condition because Defendant's employee told Plaintiff that he had cleaned the shower immediately before Plaintiff entered the shower. Although the Defendant and its employee knew or reasonably should have known of the dangerous condition, they failed to adequately warn Plaintiff of the condition, and failed to make that condition reasonably safe.

24. Defendant's and its employee's wrongful and negligent acts, both omission and commission, singularly or in combination with others, including those relating to the dangerous condition on the premises, proximately caused the occurrence made the basis of this suit, as well as Plaintiff's injuries and damages.

## V.
## DAMAGES

25. As a direct and proximate result of Defendant's and/or its employee's acts or omissions, Plaintiff sustained severe injuries and brings suit for the following damages:

    a.    Past and future medical expenses;

    b.    Past and future physical pain and suffering;

    c.    Past and future mental anguish;

    d.    Past and future physical impairment;

e. Past and future physical disfigurement;

f. Pre- and post-judgment interest; and

g. Any and all damages to which Plaintiff may be justly entitled under the law.

## VI.
## INTEREST

26. Plaintiff seeks pre-judgment and post-judgment interest as authorized by law. Plaintiff also claims damages in the amount of the legal interest as allowed by law on all pecuniary and non-pecuniary damages as found by the jury at the maximum legal rate allowed by law: (a) accruing from a date beginning 180 days after the date Defendant received written notice of this claim or on the date of filing suit, whichever occurred first, until the time judgment against Defendant is rendered; and (b) after judgment until the same is paid.

## VII.
## VICARIOUS LIABLITY

27. In addition to its individual liability, if it is determined that the negligent acts or omissions of one or more Defendant's employees proximately caused Plaintiff's injuries, Defendant is vicariously liable under the doctrine of *respondeat superior* for the negligent conduct of its employees while they were acting within the course and scope of their employment with Defendant.

## VIII.
## PRESERVATION OF EVIDENCE

28. Plaintiff hereby requests and demands that Defendant and its agents, attorneys, and insurers preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, and the resulting damages, including but not limited to videos, photographs, audiotapes, recordings, correspondence, memoranda, files, documents,

reports, statements, facsimiles, email, voicemail, text messages, or cellular phone records. Failure to maintain such items will constitute "spoliation" of the evidence and may subject Defendant to sanctions, as well as a related jury instruction by the Court at the trial of this case.

## IX.
## JURY DEMAND

29.   Plaintiff respectfully requests trial by jury.

## X.
## PRAYER

For these reasons, Plaintiff, Zlatko Dimitrov, respectfully requests that the Court render judgment for him against Defendant, Pilot of Texas, LLC, for actual damages, pre-judgment and post-judgment interest, costs of court, and any further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**SORRELS LAW**

/s/ R. Turner Johnston
Randall O. Sorrels
State Bar No. 10000000
Federal ID No. 11115
R. Turner Johnston
State Bar No. 24110058
Federal ID No. 3322749
5300 Memorial Drive, Suite 270
Houston, Texas 77007
Phone: (713) 496-1100
randy@sorrelslaw.com
turner@sorrelslaw.com
**E-service: eservice@sorrelslaw.com**

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that on the 25th day of April, 2023, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the CM/ECF electronic case filing system of the court and/or served the foregoing document by another method authorized by Federal Rule of Civil Procedure 5(b). The electronic case filing system will send a "Notice of Electronic Filing" notification to all case participants registered for electronic notice, including all *pro se* parties and/or attorneys of record who have consented in writing to accept this Notice as a service of this document by electronic means. I further certify that I have served to the extent applicable all case participants not registered for electronic notice by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ R. Turner Johnston*
R. Turner Johnston

## CERTIFICATE OF CONFERENCE

I certify that on April 19, 2023, counsel for Plaintiff and Defendant exchanged correspondence via electronic mail in which defense counsel consented to Plaintiff filing this amended pleading, pursuant to Federal Rule of Civil Procedure 15(a)(2), and jury demand.

*/s/ R. Turner Johnston*
R. Turner Johnston